**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6849**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JIMMY DORSETT SPELLER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:19-cr-00020-D-1)

Submitted:  December 21, 2021                    Decided:  December 22, 2021

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Dorsett Speller appeals the 54-month sentence imposed following revocation of his term of supervised release. On appeal, Speller claims that his revocation sentence violates the Double Jeopardy Clause and is substantively unreasonable. We affirm.

Because Speller did not present his double jeopardy argument below, we review this claim only for plain error. *United States v. Jarvis*, 7 F.3d 404, 410 (4th Cir. 1993). Here, Speller contends that he was unlawfully punished twice for the same conduct, noting that the illicit drug activity that gave rise to his supervised release revocation also resulted in a separate criminal conviction and consecutive 180-month sentence. However, it is well established that, "when a defendant is convicted of a new crime while on supervised release, he may receive both a new sentence for the new offense and a revocation sentence" without violating the Double Jeopardy Clause. *United States v. Jackson*, 952 F.3d 492, 500-01 (4th Cir. 2020). Thus, we discern no plain error.

Turning to Speller's substantive reasonableness challenge, "[a] district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is

unreasonable, we will reverse only if "it is plainly so." *Id.* at 208 (internal quotation marks omitted).

Because he had already received a 180-month sentence for the drug offense that led to his violation, Speller maintains that it was unnecessary to tack on a consecutive 54-month revocation sentence. But, as the district court correctly emphasized, the revocation sentence primarily served to punish Speller's serious breach of the court's trust, *see United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013), not his underlying criminal conduct. Consequently, the severity of Speller's drug sentence simply has no bearing on the reasonableness of his revocation sentence. For this reason, and because Speller otherwise fails to rebut the presumption of reasonableness that attaches to his within-policy-statement-range sentence, *see United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), we conclude that his revocation sentence is substantively reasonable.

Accordingly, we affirm Speller's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*